IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ST. LOUIS EFFORT FOR AIDS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 13-4246-CV-C-ODS |
| CHLORA LINDLEY-MYERS, Director of the Missouri Department of Insurance, Financial Institutions and Professional Registration, | ) ) ) ) ) ) | |
| Defendant. | ) | |

<u>ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, AND
(2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES</u>

Pending are Plaintiffs' Motion for Attorneys' Fees (Doc. #69), and Plaintiffs' Supplemental Motion for Attorneys' Fees (Doc. #92). For the following reasons, Plaintiffs' motions are granted in part and denied in part.

## I. BACKGROUND

Plaintiffs filed this lawsuit, seeking to enjoin certain provisions of Missouri's Health Insurance Marketplace Innovation Act ("HIMIA") on Supremacy Clause, First Amendment grounds, and Due Process grounds. Doc. #1. The Court preliminarily enjoined the HIMIA provisions on Supremacy Clause/preemption grounds. Doc. #36. Defendant appealed the Court's decision.

In April 2015, the Eighth Circuit found Plaintiffs were likely to succeed on the merits of their claim that the HIMIA provisions regulating advice and information organizations could provide were preempted by the Patient Protection and Affordable Care Act ("ACA"), but Plaintiffs were not likely to succeed on their claim that the HIMIA remedial provision was facially vague. *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016 (8th Cir. 2015). The matter was affirmed in part, reversed in part, and remanded. *Id.*

Once remanded, Plaintiffs sought summary judgment on its claims that certain Missouri statutes were preempted by the ACA, and asked the Court to permanently enjoin implementation of those statutes.  Doc. #60.  The Court granted Plaintiffs' motion.  Doc. #65.  Thereafter, Plaintiffs sought recovery of $440,514.90 in attorneys' fees, $2,752.17 in expenses, and $1,048.00 in costs.  Doc. #69.  On August 19, 2016, the Court denied Plaintiffs' request for attorneys' fees and expenses, but taxed costs of $800 in favor of Plaintiffs.  Doc. #77.  In denying the request for attorneys' fees, the Court found Plaintiffs' First Amendment claims, which are fee-generating claims, did not arise from the same nucleus of operative facts as the preemption claims, which are not fee-generating claims.  *Id.*  Further, the facts associated with Plaintiff's First Amendment claims were not developed or presented to the Court because it decided the matter on Plaintiffs' preemption claims.  *Id.*

Plaintiffs appealed the Court's August 19, 2016 Order to the Eighth Circuit.  Doc. #79.  In December 2017, the Eighth Circuit issued its determination that Plaintiffs' First Amendment claims and preemption claims arose from a common nucleus of operative fact, and therefore, Plaintiffs were entitled to recover attorneys' fees.  Doc. #86-1.  The Eighth Circuit reversed this Court's decision, and remanded the matter.

Upon remand, the Court directed the parties to file a joint proposed briefing schedule.  Doc. #91.  Plaintiff filed a supplemental motion seeking $73,284.67 in attorneys' fees associated with their appeal.  Doc. #92.  Defendant filed additional opposition to Plaintiffs' initial motion for attorneys' fees (Doc. #69), as well as opposition to Plaintiffs' supplemental motion (Doc. #96).  Neither party proposed a briefing schedule, ostensibly agreeing the Court should consider the briefing associated with Plaintiffs' two motions for attorney's fees.  The Court, in light of the Eighth Circuit's decision, reconsiders Plaintiffs' initial motion for attorneys' fees (Doc. #69), and considers Plaintiffs' supplemental motion for attorneys' fees (Doc. #92).

## II. DISCUSSION
### A. Attorneys' Fees

This Court has discretion to award reasonable attorneys' fees to a prevailing party in a section 1983 case.  42 U.S.C. § 1988(b).  "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours

reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The requesting party "bears the burden of establishing an accurate and reliable factual basis for an award of attorneys' fees" and submitting "evidence supporting the hours worked and rates claimed." *Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 675 (8th Cir. 1995) (citation omitted).

To determine the lodestar amount, courts consider several factors, including but not limited to, time and labor required; novelty and difficulty of legal questions; required skill to handle the case; preclusion of other employment by the attorney; customary fee for similar work in the community; degree of success or results obtained; experience, reputation, and ability of the attorney; and awards in similar cases. *See Phillips v. Mo.*, No. 97-CV-748, 2000 WL 33910092, at *1 (W.D. Mo. Mar. 29, 2000) (citations omitted). Plaintiffs addressed these factors in both motions for attorneys' fees. Defendant objected to the hourly rate charged by Plaintiffs' counsel, the number of hours billed, the number of attorneys who worked on the matter, and excessive time billed for tasks.

### (1) Hourly Rate

Plaintiffs seek recovery of hourly rates ranging from $223 to $540 for attorneys, and hourly rates of $121 and $122 for paralegals. In support of their request, Plaintiffs submitted declarations from several attorneys who worked on this matter. Jay Angoff served as lead counsel for Plaintiffs. Angoff, who is a partner at Mehri & Skalet, PLLC, located in Washington, D.C., was admitted to practice law in 1978. Among other things, Angoff served as Director of the Office of Consumer Information and Insurance Oversight at the United States Department of Health and Human Services, and also served as the Director of the Missouri Department of Insurance. Angoff represents his current and customary hourly rate is $865, but he reduced his hourly rate to $540 in this matter to reflect the prevailing hourly rates in Missouri.

Angoff worked with four associates at his firm: Joanna Wasik (admitted to practice law in 2012), Ingrid Babri (admitted to practice law in 2012), Amelia Friedman (admitted to practice law in 2013), and Christine Monahan (admitted to practice law in 2016). For Wasik, Plaintiffs request an hourly rate of $224 for her work from August 2015 through April 2016, and an hourly rate of $273 for her work from August 2016

3

through February 2018. For Babri and Friedman, Plaintiffs request an hourly rate of $224. For Monahan, they request an hourly rate of $223. Plaintiff also seek hourly rates of $121 and $122 for the six paralegals who worked on this matter.

In addition to the Mehri & Skalet attorneys, two attorneys with the National Health Law Program also worked on this matter. Jane Perkins, for whom Plaintiffs seek an hourly rate of $400, is the Legal Director of the NHLP, an organization for which she has worked more than thirty-two years. She was admitted to practice law in 1981. Abigail Coursolle, for whom Plaintiffs request an hourly rate of $240, is a staff attorney with the NHLP. She was admitted to practice law in 2009.

In response to the initial motion for attorneys' fees, Defendant only raised concerns with Angoff's requested hourly rate, arguing it was excessive. Doc. #73, at 14-15. In response to Plaintiffs' supplemental motion for attorneys' fees, Defendant generally argued the hourly rates are unreasonable. Defendant suggested the Court limit the hourly rate to no more than $300, and thus, raised issues with both Angoff's and Perkins's hourly rates. *Id.* at 7.

"A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Miller v. Dungan*, 764 F.3d 826, 831 (8th Cir. 2014) (citation omitted). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Id.* (citation omitted). This matter was filed in Jefferson City, Missouri. Unfortunately, Plaintiffs did not present evidence about attorneys' hourly rates in mid-Missouri. Instead, they rely on Kansas City area data and statewide data.

First, Plaintiffs submitted a declaration from Steven White, a Kansas City attorney. White, who began practicing in 1977, stated his hourly rate in the Kansas City area is $400. Doc. #69-6, at 1-2. He represented "[t]he prevailing local market rates for attorneys practicing employment litigation ranges from a low end of $250 per hour…to $600 per hour…." *Id.* at 2. White averred "Angoff's hourly rate of $540.00 is in line with rates charged by similarly experienced attorneys for the same work in this metropolitan area." Doc. #69-6, at 2. Plaintiffs, however, did not explain (1) why Angoff, who has been practicing for nearly as long as White has, should receive a much higher hourly rate, (2) why Kansas City area rates should apply to this matter, which was filed in mid-Missouri, and (3) why hourly rates for employment litigation should apply to this matter.

4

Second, Plaintiffs filed a declaration by Cyrus Mehri, the principal of Mehri & Skalet. Mehri stated Angoff was retained in 2016 by the Missouri Department of Insurance in connection with the Aetna-Humana and Anthem-Cigna mergers at an hourly rate of $475. Doc. #92-3, at 2; Doc. #98, at 2. Plaintiffs, again, did not explain why Angoff should receive a higher rate in this matter. Regardless, the Court finds Angoff's hourly rate for work performed for the Missouri Department of Insurance in 2016 – two years <u>after</u> this matter commenced – helpful in its analysis.

Finally, Plaintiffs relied on an annual publication of hourly rates for Missouri attorneys, maintaining partners' hourly rates ranged from $175 to $905 in 2017. Doc. #92-1, at 16, n.7. While that representation is accurate, it does not paint the whole picture. Those hourly rates are based upon information gathered from a small segment of the Missouri bar. *2017 Billing Rates*, Mo. Law. Wkly., Aug. 7, 2017, at BR2-BR6 (noting data was obtained from 145 Missouri attorneys of varying experience). With regard to the Kansas City area, the partner-level hourly rate ranged from $225 to $550, with an average of $406. *Id.* at B2. In the St. Louis area, the partner-level hourly rate ranged from $200 to $905, with an average of $504. *Id.* Unfortunately, the publication did not provide collective data specific to mid-Missouri, but one partner in Columbia reported an hourly rate of $175, and an attorney with an "of counsel" position in Fulton reported an hourly rate of $200. *Id.* at BR4-BR5. While the data from *Missouri Lawyers Weekly* is beneficial, the Court is also knowledgeable of the prevailing market rates in the Central Division, where this matter is filed, and where hourly rates range from $200 to $395.[1]

---

[1] *See, e.g.*, *Missourians for Fiscal Accountability v. Klahr*, No. 14-4287-CV-ODS (W.D. Mo. Apr. 10, 2017) (reducing hourly rates for attorneys to $200 to $375); *Letterman v. Burgess*, No. 12-6136-CV-NKL, 2016 WL 797601, at *3 (W.D. Mo. Feb. 26, 2016) (reducing hourly rates for attorneys to $275 to $375 per hour); *Mortg. Research Ctr., LLC v. Lighthouse Credit Sols.*, No. 15-4004-CV-NKL, 2015 WL 6434552, at *4 (W.D. Mo. Oct. 21, 2015) (awarding attorneys' fees based upon hourly rates ranging from $290 to $395); *Kennard v. Kleindienst*, No. 14-4012-CV-BCW, 2015 WL 4076473, at *3 (W.D. Mo. June 5, 2015) (awarding attorneys' fees based upon hourly rates ranging from $180 to $365); *Comas v. Schaefer*, No. 10-4085-CV-MJW, 2012 WL 5354589, at *3 (W.D. Mo. Oct. 29, 2012) (noting the average Missouri attorney's billing rate in 2012 was $339 per hour and applying the average hourly rate to attorneys practicing in the Central Division of this Court).

Defendant also argued Plaintiffs' requested hourly rates should be reduced because they failed to provide evidence that they contacted local counsel, and local counsel was unlikely to take the case. Doc. #96, at 6-7. The record does not indicate Plaintiffs tried to find and had difficulty in finding counsel in mid-Missouri take the case. The Court takes judicial notice that more than 500 lawyers maintain their practice in Cole County, Missouri. *Official Directory of the Missouri Bar*, 279-90 (2015).

Although Angoff and Perkins are experienced in the legal questions in this matter, the record does not establish their experiences merit higher rates than the rates typically charged by mid-Missouri attorneys. The Court finds a reasonable hourly rate for Angoff is $390, and a reasonable hourly rate for Perkins is $360. The hourly rates ($223 to $273) for the other attorneys were not contested by Defendant, and the Court finds these rates generally comport with the rates typically charged in mid-Missouri.

Finally, Plaintiffs request hourly rates of $121 and $122 for time billed by paralegals. Defendant did not address these hourly rates. Based upon its knowledge and experience with prevailing market rates for paralegals in mid-Missouri, the Court finds hourly rates of $121 and $122 are appropriate. *See e.g.*, *Letterman*, 2016 WL 797601, at *3 (reducing the paralegal's hourly rate to $125).

### (2) Clerical Work

Some entries in the billing records reflect clerical tasks performed by attorneys and paralegals. These tasks include but are not limited to making copies; printing, converting, and/or saving documents; and composing tables for briefs. *See, e.g.*, Doc. #69-2, at 13, 34, 37, 46, 50, 96-99; Doc. #92-2, at 9-10, 17. In the Court's estimation, these clerical tasks cost roughly $7,500. Accordingly, the Court reduces Plaintiffs' overall fee request by $7,500 to reflect the clerical work performed by attorneys and paralegals in this matter. *See Philipp*, 61 F.3d at 675 (affirming reduction of fee award request due to performance of clerical duties).

### (3) Excessive Work

Defendant contends the hours expended by Plaintiffs' counsel is unreasonable. Defendant further argues Plaintiffs seek fees for work completed by multiple attorneys and paralegals, and do not justify why it was necessary to have several attorneys

working the number of hours they did on this matter.  Defendant asks the Court to limit the number of allowable hours expended by no more than two attorneys, and to reduce the hours expended by all attorneys to 400 hours.  Defendant points to 4.7 hours being spent by a paralegal creating tables of authorities and contents.

Plaintiffs argue the matter was leanly staffed, and they have exercised substantial billing judgment, including the elimination of time exceeding eight hours in a day, all travel time, and time that was redundant, unnecessary, or unproductive.  Doc. #94-2, at 4.  Plaintiffs also reduced the overall fees requested by ten percent.  *Id.*  Plaintiffs do not dispute that the Court "may be justified in reducing the 4.7 hours of paralegal time" questioned by Defendant.  But Plaintiffs contend any broader reductions are unwarranted because Defendant points to no other specific examples.

The Court has reviewed the time entries submitted by Plaintiffs' counsel, and finds redundant work was performed by attorneys, and excessive time was spent on tasks.  By way of example, at least 100 hours were spent by four attorneys researching, drafting, revising, discussing, and working on the complaint that was filed in this matter.  While the complaint was roughly thirty pages, more than 100 hours spent by four attorneys to draft and finalize the complaint is excessive.  In the Court's estimation, the complaint alone cost more than $32,000 when utilizing the hourly rates sought by Plaintiffs.  Due to this excessive time and redundant work, the Court will reduce Plaintiffs' overall attorneys' fees by $22,000.

Those four attorneys also billed more than 175 hours on Plaintiffs' motion for preliminary injunction, which was roughly twenty-five pages.  The Court finds the time spent on Plaintiffs' motion for preliminary injunction is excessive.  Additionally, it was not necessary for four attorneys to research, draft, discuss, and edit the motion for preliminary injunction.  In the Court's estimation, the motion for preliminary injunction cost more than $55,000, when utilizing the hourly rates sought by Plaintiffs.  Due to the redundancy of the work performed, the excessive time spent, and the number of attorneys, the Court will reduce Plaintiffs' overall attorneys' fees by $40,000.

With regard to other filings with this Court and the Eighth Circuit, at least three, and as many as four, attorneys conducted research, drafted, and/or edited filings.  In many instances, at least two attorneys billed for the same phone calls and meetings.  But Plaintiffs failed to establish why it was necessary and reasonable for two to four

attorneys performing the same task, especially in light of Angoff's and Perkins's experience. No discovery was conducted in this case, no hearing was held, and no trial ever took place. Yet, Plaintiffs seek recovery for 1,500 hours of work, for more than $510,000 in attorneys' fees. Due to the additional excessive, unnecessary, and duplicative entries, the Court will reduce Plaintiffs' attorneys' fees by $85,000. *See Comas*, 2012 WL 5354589, at *3 at *5 (finding the fee claim should be reduced by an additional fifteen percent because of the excessiveness and redundancy of the billings).

### (4) Imprecise Billing Entries

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley,* 461 U.S. at 437. Counsel "is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." *Id*. at n.12. "Inadequate documentation may warrant a reduced fee." *H.J. Inc. v. Flygt Corp.,* 925 F.2d 257, 260 (8th Cir. 1991) (citations). Additionally, "[i]ncomplete or imprecise billing records preclude any meaningful review by the district court of the fee application for 'excessive, redundant, or otherwise unnecessary' hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim." *Id.* (quoting *Hensley,* 461 U.S. at 437 n.12).

When reviewing the billing records, several entries were too vague for the Court to discern on what claim or issue the attorney was spending his or her time. These entries include, but are not limited to, the following: "compose memos for consumer groups," "research transacting the business of insurance," "call with MO healthcare advocates and discussion," "call with Jane," "talk with NHeLP," "make list of plaintiffs," "talk with Jane Perkins," "call with plaintiffs," "call with Joan re case," "talk to Joan Bray re plaintiffs," "make a filing checklist," "work on Missouri 2 pager," "draft one-pager for plaintiffs," "processing briefs," "CW co-counsel re: case filing," "discuss case with Sarah St. and assign case review," "TCW co-counsel re: drafting," "t/c with co-counsel re: next steps," "searching for caselaw," and "emails regarding appellee [sic] brief." Doc. #69-2, at 14, 17-21, 23, 26-27, 29-32, 34, 38, 46, 52, 54-56, 58-59, 63, 65, 69, 97; Doc. #69-4, at 17, 21, 23; Doc. #69-5, at 7-9; Doc. #92-2, at 14, 16. In the Court's estimation, vague

8

time entries resulted in $15,000 being charged in attorneys' fees and paralegal fees. Accordingly, the Court will reduce Plaintiffs' overall attorneys' fees by $15,000.

### (5) Calculation of Plaintiffs' Attorneys' Fees

Based upon the foregoing analysis, the Plaintiffs' attorneys' fee award is calculated as follows:

| Timekeeper | Hours[2] | Rate[3] | Total |
|---|---|---|---|
| Angoff | 524.8 | $390 | $ 204,672.00 |
| Perkins | 224.4 | $360 | $ 80,784.00 |
| Coursolle | 180.9 | $240 | $ 43,416.00 |
| Babri | 393.2 | $224 | $ 88,076.80 |
| Wasik (2016) | 25.5 | $224 | $ 5,712.00 |
| Wasik (2018) | 118.7 | $273 | $ 32,405.10 |
| Friedman | 45.5 | $224 | $ 10,192.00 |
| Monahan | 26.5 | $223 | $ 5,909.50 |
| Paralegals (2016) | 50.1 | $122 | $ 6,112.20 |
| Paralegals (2017) | 37.7 | $121 | $ 4,561.70 |
| | | Total: | $ 481,841.30 |
| | | | -  $7,500.00 (clerical work) |
| | | | $ 474,341.30 |
| | | | -  $22,000.00 (complaint) |
| | | | $ 452,341.30 |
| | | | - $40,000.00 (preliminary injunction) |
| | | | $ 412,341.30 |
| | | | - $85,000.00 (excessive/redundant) |
| | | | $ 327,341.30 |
| | | | - $15,000.00 (vague entries) |
| | | Total: | **$ 312,341.30** |

Thus, in summary, the Court concludes a reasonable award of attorneys' fees is $312,341.30.

### B. Expenses

In their initial motion, Plaintiffs asked for recovery of $2,752.17 in expenses associated with traveling to Missouri on four occasions. In their supplemental motion,

---

[2] Except with regard to Wasik and the paralegals, who have differently hourly rates depending on when the fee application was submitted, the Court has combined the number of hours contained in both motions.

[3] As explained *supra*, Angoff's and Perkins's rates are reduced to reflect reasonable hourly rates for similar work in mid-Missouri.

Plaintiffs seek recovery of out-of-pocket expenses in the amount of $623.55 for traveling to Missouri for oral arguments before the Eighth Circuit Court of Appeals. The Eighth Circuit has held costs other than those listed in section 1920 may be recovered under section 1988 if the costs are those "normally charged to clients by attorneys." *Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996). Defendant does not oppose recovery of the expenses sought by Plaintiffs. Accordingly, the expenses sought by Plaintiffs are awarded.

## III.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion and supplemental motion for attorneys' fees and expenses are granted in part and denied in part. Plaintiffs are awarded $312,341.30 in attorneys' fees, and an additional $3,375.72 in expenses.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 28, 2018                         UNITED STATES DISTRICT COURT